UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James G. Blakely, *a.k.a James Gatewood Blakely, a.k.a. Jimmy G. Blakely*;<br><br>              Plaintiff,<br><br>vs.<br><br>Leroy Cartledge, Warden;<br>J. Parker, Associate Warden;<br>Cpl. P. Morton, Corr. Officer;<br>David M. Tatarsky, Esq.;<br>Ms. Bell;<br>Ms. Young;<br>Ms. Franklin,<br><br>              Defendants. | C/A No. 5:12-2649-MGL-KDW<br><br><br><br>Report and Recommendation |

James G. Blakely ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (DSC). Plaintiff, who is incarcerated at McCormick Correctional Institution, files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed without prejudice and without issuance and service of process as to the following Defendants: J. Parker, Associate Warden; Cpl. P. Morton, Corr. Officer; David M. Tatarsky, Esq.; Ms. Young; and Ms. Franklin. In a separately docketed order, the undersigned has authorized service against Defendant Leroy Cartledge, Warden and Defendant Ms. Bell.

I.     Background

In his Complaint, Plaintiff alleges that Warden Cartledge practices "mass punishment" in the name of security by refusing to provide proper medical attention to diabetics during "Unit lock down." ECF No. 1 at 3. Plaintiff, who suffers from diabetes, was allegedly refused insulin on September 11, 2012 during lock-down. *Id.* at 4, 6. Plaintiff also claims that he did not get proper

diabetic meals during lock-down. *Id.* at 6. Plaintiff indicates that he "confronted Ms. Bell," the cafeteria supervisor, who "informed Plaintiff that Warden Cartledge [o]rdered that the diabetics only get bag meals." *Id.* at 3, 6.

The Complaint further claims that Cpl. P. Morton,[1] a correctional officer, refused to write Plaintiff an "OTR" to visit the law library on September 11, 2012. *Id.* at 4. Plaintiff alleges that Defendant Morton was aware of court deadlines in Plaintiff's civil cases pending before this court. *Id.* at 5. The Complaint indicates that Plaintiff wrote Defendant Assistant Warden Parker requesting access to the law library, but received no response. *Id.* In addition, the Complaint claims that Defendant Ms. Young, Mailroom Director, delayed delivery of Plaintiff's legal mail. *Id.* at 3, 5. Defendant Ms. Young and Defendant Ms. Franklin, the mailroom assistant, are also named for "wrongfully" withholding Plaintiff's legal supplies by limiting the amount of paper and envelopes he cold receive. *Id.* at 3, 5-6. Defendants Young and Franklin allegedly required Plaintiff to bring his written legal documents to the mailroom before providing envelopes to mail the pleadings. *Id.* at 6. Plaintiff states that he wrote Defendant Warden Cartledge about these issues, but received no response. *Id.* at 5. Plaintiff also left messages for Defendant Mr. David M. Tatarsky, legal counsel for the South Carolina Department of Corrections, about the denial of access to a law library and the wrongful "taking [of] Plaintiff's legal" supplies. *Id.* at 5. Plaintiff, who alleges that he was not allowed to file institutional grievances regarding these issues, seeks injunctive relief. *Id.* at 2, 7.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural

---

[1] Plaintiff refers to this Defendant as Cpl. Martin in the Complaint. However, a letter from Plaintiff indicates that this Defendant's correct name is Cpl. P. Morton. ECF No. 7.

provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action is frivolous or fails to state a claim on which relief may be granted. *Weller v. Dep't of Soc. Serv.,* 901 F.2d 387, 391 (4th Cir. 1990).

B.  Analysis

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint alleges that Defendants Cartledge and Bell have been deliberately indifferent to Plaintiff's medical needs. ECF No. 1 at 2, 3, 6. Plaintiff also claims that Defendants Cartledge,

3

Parker, Morton, Tatarsky, Bell, Young, and Franklin have denied Plaintiff access to the courts by limiting his legal supplies and refusing him access to a law library to work on pending civil cases. *Id.* at 2, 4-6. Plaintiff provides sufficient factual allegations to withstand summary dismissal of his medical indifference claims. However, Plaintiffs allegations regarding the denial of court access should be summarily dismissed.

The right of access to the courts is protected by the federal Due Process and Equal Protection Clauses, *Murray v. Giarratano*, 492 U.S. 1, 11 n.6 (1989), and requires that prisoners be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). However, in order to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate when the plaintiff did not explain how he was injured by any limitations on his access to a law library); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (noting prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access."). The instant Complaint provides no facts to demonstrate that any of Plaintiff's pending civil actions were prejudiced, or in any way negatively impacted, by Defendants' actions. Because the Complaint fails to allege or demonstrate that Defendants Cartledge, Parker, Morton, Tatarsky, Young, and/or Franklin caused any "actual injury" or impediment to a non-frivolous legal action, Plaintiff's denial

4

of court access claim should not be permitted to proceed. As such, it is recommended that Defendants Parker, Morton, Tatarsky, Young, and Franklin be summarily dismissed from this case. As indicated above, Plaintiff's claims of deliberate indifference to medical needs against Defendants Cartledge and Bell are sufficient for service of process.

III.   Conclusion and Recommendation

Accordingly, it is recommended that the following Defendants be dismissed from this case without prejudice and without issuance and service of process: J. Parker, Associate Warden; Cpl. P. Morton, Corr. Officer; David M. Tatarsky, Esq.; Ms. Young; and Ms. Franklin.

IT IS SO RECOMMENDED.

October 9, 2012                                         Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).