IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James G. Blakely, <br> *a/k/a Gary James Gatewood Blakely,* <br> *a/k/a Jimmy G. Blakely*, <br><br> Plaintiff, <br><br> vs. <br><br> Leroy Cartledge, Warden; J. Parker, Associate Warden; Cpl. P. Morton, Corr. Officer; David M. Tatarsky, Esq., Ms. Bell; Ms. Young; Ms. Franklin, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 5:12-2649-MGL <br><br><br> **ORDER AND OPINION** |

Plaintiff James G. Blakely ("Plaintiff"), proceeding, *pro se* and *in forma pauperis*, is currently incarcerated at McCormick Correctional Institution of the South Carolina Department of Corrections. On September 14, 2012, Plaintiff filed this civil action against Leroy Cartledge, Warden; J. Parker, Associate Warden; Cpl. P. Morton, Corr. Officer; David M. Tatarsky, Esq., Ms. Bell; Ms. Young; and Ms. Franklin ("Defendants"). (ECF No. 1.) Plaintiff alleges that Defendants Cartledge and Bell have been deliberately indifferent to Plaintiff's medical needs and that Defendants Cartledge, Parker, Morton, Tatarsky, Bell, Young, and Franklin have denied Plaintiff access to the courts by limiting his legal supplies and refusing him access to a law library to work on pending civil cases. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B) D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On October 9, 2012, Magistrate Judge West issued a Report and Recommendation recommending *inter alia* that the Court summarily dismiss Plaintiff's allegations regarding the denial of court access and that Defendants Parker, Morton, Tatarsky, Young, and Franklin be

summarily dismissed from this case. (ECF No. 15 at 5.) The Magistrate Judge specifically noted that an inmate must allege a specific injury resulting from an alleged denial of meaningful access to the courts and that the instant complaint provides no facts to demonstrate that any of Plaintiff's pending civil actions have been prejudiced, or in any way negatively impacted, by Defendant's actions. (ECF No. 15 at 4-5.) The Magistrate Judge determined that Plaintiff's claims of deliberative indifference to medical needs against Defendants Cartledge and Bell were sufficient to withstand summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff filed objections to the Report and Recommendation on October 29, 2012. (ECF No. 22.)

Plaintiff makes several arguments in his Objections to the Magistrate Judge's Report and Recommendation. First, Plaintiff argues that Defendants Parker, Morton, Young, and Franklin denied Plaintiff access to the courts by denying Plaintiff the legal assistance of someone trained in the law. (ECF No. 22 at 1.) Plaintiff contends that the actual injury occurred as a result of the prison's failure to provide sufficient assistance and that this is a basis for liability under § 1983. (ECF No. 22 at 2.) Plaintiff also argues that the court has demanded more than a short and plain

statement of his claims giving Defendant fair notice. (ECF No. 22 at 4-5.)

In his objections, Plaintiff states that he put in multiple requests to Defendants Young and Franklin for the return of his legal material and that his request was refused. (ECF No. 22 at 5.) He further claims that Defendant Morton denied Plaintiff access to legal assistance when she denied him access to the law library. (ECF No. 22 at 5.) Plaintiff contends that he informed Parker and Tatarsky of Defendant Morton's conduct and they failed to act. (ECF No. 22 at 6.) Plaintiff maintains that his right of access was violated when he was denied access to the law library and legal assistance and concludes that all defendants are liable in this case and should be served accordingly. (ECF No. 22 at 5-7.) Plaintiff also contends that the "Florence District Court argues that Plaintiff [has] no right to file grievances" and that "Plaintiff failed to exhaust state's remedies."[1] (ECF No. 22 at 7.)

As the Supreme Court stated in *Bounds v. Smith*, 430 U.S. 817, 828 (1977), "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, however, "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351(1996); *see also Strickler v. Waters*, 989 F.2d 1375, 1385 (4th Cir.1993) ( "*Bounds* did not hold that there is a right of access to a law library; it held that there is a right of access to the courts." ).[2]

---

[1] Neither failure to exhaust or Plaintiff's lack of entitlement to grievances are discussed in the Magistrate Judge's Report and Recommendation and therefore, are not a basis for the Magistrate Judge's reasoning or this court's ruling by extension.

[2] In *Strickler v. Waters*, 989 F.2d 1375, 1384-1385 (4th Cir.1993), the Fourth Circuit rejected the plaintiff's argument that he need not show an injury merely because he has alleged denial of the "core" *Bounds* requirements of an adequate library and access thereto. In reaching its conclusion in *Strickland*, the Fourth Circuit distinguished *Peterkin v. Jeffes*, 855 F.2d 1021,

In this case, as noted by the Magistrate Judge, Plaintiff must demonstrate some actual injury or prejudice caused by the alleged denial of meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). An "actual injury" occurs under *Bounds* when a prisoner "shows that an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). As noted in *Strickler*, "a demonstration of inability to present a legal claim is an essential ingredient of a suit such as this. . . ." *Strickler*, 989 F.2d at 1385. In order to make a claim that prison officials infringed his right of access to the courts, a prisoner cannot rely on conclusory allegations; instead, he must allege a specific, actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir.1996). The pleadings and objections here fail to provide any factual basis for the allegation that Plaintiff was deprived of meaningful access to the courts or that any of his pending civil actions were prejudiced, or in anyway negatively impacted by Defendants' alleged conduct.

A careful review has been made of Plaintiff's complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and the established local procedure in this district. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction in light of the above-stated provisions and the applicable pleading standards. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). Even when considered under this less stringent standard, however, this § 1983 Complaint is subject to summary dismissal as to claims against Defendants Cartledge, Parker, Morton, Tatarsky, Young, and Franklin for denial of access to the courts. The issues raised by Plaintiff in his objections in support of this claim against

---

1041 (3d Cir. 1988), a case relied upon by Plaintiff here, and rejected its applicability because the *Peterkin* analysis was expressly limited to a unique group of death-sentenced prisoners.

these Defendants and the allegations of Plaintiff's complaint were fully considered by the Magistrate Judge and the arguments raised in Plaintiff's objections do not change the well-reasoned analysis set forth by the Magistrate Judge recommending partial dismissal based on the record before this court.  Upon review of Plaintiff's objections and the record in this case, the Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to set forth facts establishing how Defendants' actions caused him to suffer harm in any court action he had pending or had planned to file.  Absent evidence that the prisoner suffered actual injury as a result of prison officials' conduct, the prisoner cannot succeed on a claim for denial of access to the courts.  Accordingly, the Court overrules Plaintiff's objection.  *See Cochran*, 73 F.3d at1317 (sua sponte dismissal appropriate when plaintiff fails to make prima facie case of denial of access to courts).

## CONCLUSION

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is adopted and incorporated herein by reference and this action is DISMISSED without prejudice and without service of process as to Defendants Parker, Morton, Tatarsky, Young, and Franklin.     This   action shall continue to proceed against Defendants Cartledge and Bell concerning Plaintiff's claims of deliberate indifference to medical needs.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
May 31, 2013